IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) AMY WEIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | COMPLAINT |
| (1) PORTFOLIO RECOVERY ASSOCIATES, LLC, | ) | (Unlawful Debt Collection Practices) |
| | ) | |
| Defendant. | ) | JURY TRIAL DEMANDED |

**PLAINTIFF'S VERIFIED COMPLAINT**

NOW COMES Plaintiff, Amy Weis, and for her Complaint against Defendant, Portfolio Recovery Associates, LLC, alleges as follows:

**INTRODUCTION**

1. Plaintiff states a claim against Portfolio Recovery Associates, LLC for violation of the Fair Debt Collection Practices Act, codified 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), which was enacted in 1978.

2. Congress stated its findings and purpose of the FDCPA:

(a) **Abusive practices**

> There is *abundant evidence* of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

(b) **Inadequacy of laws**

> Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c) **Available non-abusive collection methods**

          Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

(d) **Interstate commerce**

          Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e) **Purposes**

          It is the purpose of this title to *eliminate* abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## JURISDICTION AND VENUE

3. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy.

4. Defendant conducts business in the state of Oklahoma; therefore, personal jurisdiction is established.

5. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

6. Plaintiff is a natural person who resides in Pryor, County of Mayes, Oklahoma.

7. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

8. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6), and sought to collect a consumer debt from Plaintiff.

9. Plaintiff is informed and believes, and thereon alleges, that Defendant is a collections business with an office in Norkfolk, VA.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. On or about July 18, 2014, Defendant filed a lawsuit against Plaintiff, seeking to collect the debt it allegedly was assigned, styled *Portfolio Recovery Associates, LLC, v. Amy Weis,* Mayes County case number CS-2014-136 (the "State Court Lawsuit").

12. On or about September 10, 2014, Plaintiff filed an answer to the State Court Lawsuit, disputing the debt. A copy of Plaintiff's Answer disputing the debt was served on counsel for Defendant at the same time.

13. Also on September 10, 2014, counsel for Plaintiff sent a facsimile correspondence, confirmed to have been received by counsel for the Defendant, advising that the debt was disputed by Plaintiff.

14. However, on October 2, 2014, Defendant reported the alleged debt to Plaintiff's credit reports, but failed to communicate that the debt was disputed by the consumer Plaintiff.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

15. Defendant violated §1692e(8) of the FDCPA by failing to communicate that a disputed debt is disputed to Plaintiff's credit reporting bureaus.

**WHEREFORE**, Plaintiff, Amy Weis, respectfully prays that judgment be entered against Defendant, Portfolio Recovery Associates, LLC, for the following:

a) Statutory damages of $1,000.00, pursuant to the FDCPA, 15 U.S.C. 1692k;

b) Actual damages pursuant to the FDCPA, 15 U.S.C. 1692k;

c) Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k; and

d) Any other relief that this court deems to be just and proper.

Respectfully submitted,

/s/ Victor R. Wandres
Victor R. Wandres, OBA #19591
PARAMOUNT LAW
CONSUMER PROTECTION FIRM
4835 S. Peoria Ave., Suite 1
Tulsa, OK 74105
(918) 200-9272 voice
(918) 895-9774 fax
1434@paramount-law.net